IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| DONNIE STEVERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 117-001 |
| | ) |
| BETTY McDOWELL; STAN SHEPARD; | ) |
| DOCTOR HINSON; LT. COLLIER; | ) |
| OFFICER JACKSON; | ) |
| OFFICER BERRY; and | ) |
| HENRY YOUNG, CERT Sgt., | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Phillips State Prison ("PSP") in Buford, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983, concerning events allegedly occurring at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2), the motion for appointment of counsel be **DENIED** (doc. no. 3), and this action be **DISMISSED** without prejudice.

### I.   BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

## II. DISCUSSION

### A. The Complaint Should Be Dismissed Because Plaintiff Has Three Strikes Under § 1915(g) and Does Not Qualify for the Imminent Danger Exception, and Therefore He Cannot Proceed IFP.

A review of Plaintiff's history of filings reveals that he has brought at least three cases or appeals that were dismissed for being frivolous or malicious or for failing to state a claim upon which relief may be granted: (1) Steverson v. Nobles, No. 15-12139-C (11th Cir. May 4, 2016) (appeal dismissed as frivolous); (2) Steverson v. Nobles, 1:14-CV-0172-WLS-TQL, doc. no. 14 (M.D. Ga. Apr. 23, 2015) (dismissed for repeated failure to follow court orders)[1]; (3) Steverson v. Boatright, No. 05-12965-E (11th Cir. Oct. 3, 2005) (appeal

---

[1]Failing to comply with a court order qualifies as a strike under § 1915(g). See Rivera, 144 F.3d at 731 (case dismissed as an "abuse of the judicial process" counts as a strike under §

dismissed as frivolous); and (4) Steverson v. Boatright, 2:04-CV-200-AAA, doc. no. 14 (S.D. Ga. Apr. 25, 2005) (dismissed for failure to state a claim). Because Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Here, Plaintiff alleges he arrived at ASMP for shoulder surgery in late 2014 and was assaulted by a fellow inmate on January 2, 2015. (See generally doc. no. 1, pp. 14-34.) Plaintiff further alleges he warned prison officials he had been threatened prior to the assault and alleges he did not receive proper medical follow-up care for the shoulder surgery or the assault. Moreover, Plaintiff, not the inmate who assaulted him, was placed in segregation. (Id.) Plaintiff also fell after an eye examination because Defendant Young did not provide him "tinted eye protection" after Plaintiff's eyes were dilated, and Defendant Young failed to assist Plaintiff after the fall. (Id. at 30.)

Plaintiff left ASMP on January 22, 2015, for Central State Prison, and he is now housed at PSP. (Id. at 33.) Plaintiff seeks monetary damages against the named Defendants at ASMP and an order to unnamed prison officials at PSP to provide "proper treatment. . . without harassment or threats." (Id. at 34.)

---

1915(g)); Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1544 (11th Cir. 1993) (failing to comply with court orders is an "abuse of the judicial process").

None of the allegations in the complaint plausibly establish Plaintiff was in any imminent danger when he signed his complaint on January 1, 2017. (Id. at 35.) To the contrary, Plaintiff details events and injuries which allegedly happened nearly two years ago. To the extent he may be claiming he is in imminent danger based on his current medical treatment at PSP, he has not named any Defendants at that prison. In any event, as PSP is located in Buford, within the Northern District of Georgia, any claims Plaintiff may have about his medical care at PSP would properly be filed the Northern District. In sum, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

> **B.    The Complaint Should Also Be Dismissed Because Plaintiff Failed to Disclose His Prior Cases and His Acquiring Three Strikes under the PLRA.**

The form complaint that Plaintiff used to commence this case, "Form to be Used by Prisoners In Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," requires that prisoner plaintiffs disclose: (1) whether they have brought other state or federal lawsuits while incarcerated, (2) whether they were allowed to proceed IFP in any such lawsuits, and (3) whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. no. 1, pp. 1-3.) Under the questions concerning whether a prisoner plaintiff has brought any lawsuits dealing with the same facts or facts other than those involved in this action, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, and if there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id. at 1-2.)

4

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006).

Here, under penalty of perjury, Plaintiff identified one other IFP lawsuit he filed in the Middle District of Georgia, but he did not identify any other cases filed. (Doc. no. 1, pp. 2-3.) Plaintiff indicated that he had been allowed to proceed IFP in a suit dismissed on the ground it was frivolous, malicious, or failed to state a claim, but he did not list any such case or indicate in any way that he had accumulated three strikes. (Id. at 3.) As noted above, Plaintiff filed a prior case in the Southern District, as well as two appeals, which were dismissed as frivolous or for failure to state a claim, in addition to the one case he did disclose. Plaintiff also filed a second IFP case in the Southern District which, although not dismissed at the outset as frivolous, malicious, or for failure to state a claim, he litigated for over two years to an unfavorable conclusion. Steverson v. Williams, 3:96-CV-031-DHB (S.D. Ga. June 5, 1996). He failed to disclose that case under the "any other federal lawsuit" question on the complaint form. (Doc. no. 1, p. 2.) Plaintiff's answers about filing other federal lawsuits were blatantly dishonest, and therefore, even if Plaintiff were permitted to proceed IFP, the case should be dismissed without prejudice as a sanction for the dishonesty.

**C.     Motion for Appointment of Counsel**

Plaintiff also moves for the appointment of counsel, arguing he is unable to afford counsel, the complex issues in the case will require significant research, and counsel would be able to better challenge the conflicting testimony at trial. (Doc. no. 3.)

6

As a general rule, there is no entitlement to appointed counsel in a civil rights case such as this one. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Id.; see also Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1065 (11th Cir. 2013) (finding exceptional circumstances justified the appointment of counsel where the suspect conduct of prison officials hindered prisoner plaintiff's ability to present the essential merits of his case and, additionally, where such appointment would alleviate security concerns and help sharpen the issues).

Here, Plaintiff fails to show exceptional circumstances exist to justify the appointment of counsel. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). Plaintiff has not shown that his status as a layman prevents him from "presenting the essential merits of his . . . position," which is the key consideration in determining whether the appointment of counsel is justified. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). Indeed, Plaintiff has been able to communicate with the Court and present the merits of his case, as evidenced by his factually-detailed filings with the Court, which includes a complaint exceeding thirty pages and seventy-three pages of indexed exhibits. (Doc. no. 1 & Exs. A-T.) Moreover, at this early stage of the case, and in consideration of the recommendation for dismissal, any concerns about trial testimony are premature. Therefore, the motion for appointment of counsel should be **DENIED**. (Doc. no. 3.)

### III. CONCLUSION

In sum, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g). Thus, he fails to demonstrate

7

that he should be excused from paying the full filing fee.  Furthermore, even if Plaintiff were allowed to proceed IFP, the complaint should be dismissed because he has abused the judicial process by providing dishonest information about his filing history.  Therefore, the Court **REPORTS** and **RECOMMENDS** Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2), the motion for appointment of counsel be **DENIED** (doc. no. 3), and this action be **DISMISSED** without prejudice.  If Plaintiff wishes to proceed with the claims raised in this case, he should be required to initiate a new lawsuit, which would require submission of a new complaint.  Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 13th day of January, 2017, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA